UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERMITA ATKINS,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

_____/

No. C 10-0180 PJH

**ORDER GRANTING MOTION TO STRIKE; SETTING BRIEFING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

The complaint initiating this social security appeal was filed on March 26, 2009, in the District Court for the Northern District of Oklahoma, and the Commissioner filed his answer on June 23, 2009. The case was subsequently transferred to this court on January 14, 2010, after the Oklahoma district court granted plaintiff's motion to change venue following her relocation to San Rafael, California. Plaintiff, who has been represented throughout the course of the administrative and judicial proceedings, subsequently changed counsel, and is now represented again by attorney Ian Sammis, who represented her in the administrative proceedings before the Commissioner, which took place in San Rafael, California during 2005-2009.[1]

Following transfer, on April 7, 2010, the Commissioner filed a motion to dismiss

---

[1] Plaintiff appears to have relocated to Oklahoma from San Rafael, California, during or following the administrative proceedings at issue in this case, but then to have returned soon thereafter after filing an appeal in the Oklahoma district court.

1  plaintiff's complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of
2  subject matter jurisdiction.  The Commissioner asserted in his motion to dismiss that the
3  decision the plaintiff was appealing, the Appeals' Council's January 21, 2009 and March
4  13, 2009 notices denying her request for review of the Administrative Law Judge's ("ALJ")
5  decision dismissing her request for hearing on *res judicata* grounds, was not final under
6  social security regulations and controlling case law.

7  Instead of filing an opposition to the Commissioner's motion to dismiss, plaintiff filed
8  a first amended complaint ("FAC") on April 22, 2010, adding a new paragraph explaining
9  why the decision she appealed was reviewable.  The Commissioner subsequently filed a
10 motion to strike plaintiff's FAC as untimely under FRCP 15(a)(1), to which the court gave
11 the plaintiff an opportunity to file an opposition, and the Commissioner to file a reply.

12 Having reviewed the parties' papers and the relevant authorities, the court GRANTS
13 the Commissioner's motion to strike.  The Federal Rules of Civil Procedure apply to
14 motions to strike and to dismiss in social security cases.  *See* Harvey L. McCormick, Social
15 Security Claims and Procedures §14:1 (6th ed. 2009).  The Commissioner filed his answer
16 on June 23, 2009, and pursuant to FRCP 15(a)(1), plaintiff's FAC was due by July 14,
17 2009.  Plaintiff did not obtain leave of court or written consent from the Commissioner to
18 file the untimely FAC, filed more than nine months late, as required by FRCP 15(a)(2).
19 Accordingly, the court STRIKES plaintiff's FAC as untimely in violation of FRCP 15.

20 However, the court recognizes that plaintiff has yet to oppose the Commissioner's
21 April 7, 2010 motion to dismiss the complaint for lack of subject matter jurisdiction.  Having
22 reviewed all of the papers filed in this case to date, the court notes that the Commissioner
23 is correct that the Appeals Council's denial of a request for review, denial of a request to
24 reopen, or denial of a request to vacate an ALJ's dismissal of a hearing request is a
25 discretionary decision and is generally not subject to judicial review.  *See Califano v.*
26 *Sanders*, 430 U.S. 99, 107-09 (1977)*; Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir.
27 2001); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997).  This is because the Social
28 Security Act limits judicial review of the Commissioner's decisions to "any final decision. .

. made after a hearing," 42 U.S.C. § 405(g), and such discretionary decisions ordinarily do not constitute final decisions. *See Udd*, 245 F.3d at 1099; *Evans*, 110 F.3d at 1482.

There are, however, exceptions to this general rule. First, when the Appeals Council's decision rests on a mistake of law, such as the failure to consider new and material evidence, the decision may be reviewed by this court. *See Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (reviewing Appeals Council's denial of request for review of ALJ decision for "taint[] of legal error or. . . substantial evidence"); *see also Mills v. Apfel*, 244 F.3d 1, 6 (9th Cir. 2001) (noting that "it has been well established that a discretionary decision may be reviewable to the extent that it rests on an explicit mistake of law or other egregious error" and that Appeals' Councils' refusal to consider new evidence may present a mistake of law); *Eads v. Secretary*, 983 F.2d 815, 817 (7th Cir. 1993) (Appeal Council's denial of review can be reviewed by the court when the refusal rests on a mistake of law); *Keeton v. Dept. of Health & Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision [to deny review] is. . . subject to judicial review because it amounts to an error of law."); *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) (reviewing Appeals Council decision for mistake of law where it failed to consider new evidence regarding onset date). Second, there is a recognized exception where the Appeals Council's denial "is challenged on constitutional grounds." *Evans*, 110 F.3d at 1483; *Udd*, 245 F.3d at 1098 (both citing *Califano*, 430 U.S. at 109).

It appears from the court's review of Atkins' opposition to the motion to strike, that she contends one or both exceptions are applicable in this case. These are *arguments* more properly raised in an opposition to the Commissioner's motion to dismiss than as allegations in amended pleadings. Accordingly, Atkins should address these issues in the opposition that she files to the Commissioner's motion to dismiss. However, to the extent that Atkins believes that it is necessary to amend her complaint to include a constitutional claim, as she suggests in her opposition to the Commissioner's motion to strike, she must file a motion seeking leave to amend, in which she sets forth the requisite showing required

by FRCP 15(a)(2).

Atkins' opposition to the Commissioner's motion to dismiss, and motion seeking leave to amend under FRCP 15(a)(2), if she chooses to file one, are due no later than **twenty-one** days from the date of this order.  The Commissioner's reply to the motion to dismiss is due no later than **fourteen days** after plaintiff files her opposition.  In the event plaintiff files a motion seeking leave to amend under FRCP 15(a)(2), the Commissioner's opposition is due no later than **fourteen days** after plaintiff files her motion.  Plaintiff may file a reply, if any, no later than **seven days** after the Commissioner files his opposition.

**IT IS SO ORDERED.**

Dated: June 25, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge