UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERMITA ATKINS,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____/

No. C 10-0180 PJH

**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND THE COMMISSIONER'S MOTION TO DISMISS**

    Before the court is Atkins' motion for leave to amend the pleadings and the Commissioner's motion to dismiss for lack of subject matter jurisdiction. Having carefully read the parties' papers and considered the relevant legal authority, the court GRANTS Atkins' motion, DENIES the Commissioner's motion, and REMANDS the case for further proceedings in accordance with this order.

## BACKGROUND

    Claimant Ermita Atkins ("Atkins") filed an application for Disability Insurance Benefits ("DIB") payments on September 16, 2005. The Social Security Commissioner ("Commissioner") denied Atkins' application initially and then, on November 15, 2006, upon reconsideration. On April 26, 2007, an Administrative Law Judge ("ALJ") dismissed Atkins'

request for a hearing, deeming it untimely filed.  Therefore, the ALJ's November 15, 2006 reconsideration determination remained in effect, and no hearing was ever held.

Rather than appeal the ALJ's decision to the Appeals Council, Atkins filed another application for benefits on August 24, 2007.  The ALJ denied the second application initially and on reconsideration, again without a hearing.  Atkins subsequently filed a timely request for a hearing.  On September 29, 2008, an ALJ dismissed the August 24, 2007 application based on the doctrine of *res judicata*, declining to reopen Atkins' case.  The Appeals Council denied Atkins' subsequent request to review the ALJ's September 29, 2008 decision.  Accordingly, no hearings were ever held on either application for benefits.

Subsequently, on March 26, 2009, Atkins filed this appeal initially in the District Court for the Northern District of Oklahoma, and the Commissioner filed his answer on June 23, 2009.  The case was subsequently transferred to this court on January 14, 2010, after the Oklahoma district court granted Atkins' motion to change venue to the Northern District of California following her relocation to San Rafael, California.

Following transfer, on April 7, 2010, the Commissioner filed a motion to dismiss Atkins' complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction.  Instead of filing an opposition to the Commissioner's motion to dismiss, Atkins filed a first amended complaint on April 22, 2010, adding a new paragraph explaining why the ALJ's decision she appealed was reviewable.  That same day, on April 22, 2010, the Commissioner filed a motion to strike Atkins' first amended complaint.

On June 25, 2010, this court granted the Commissioner's motion to strike Atkins' April 22, 2010 first amended complaint as untimely under FRCP 15(a)(1).  In that order, the court noted that Atkins had not yet filed an opposition to the Commissioner's motion to dismiss, and advised Atkins that many of the "arguments" raised by her amended pleadings should instead have been addressed in an opposition to the motion to dismiss.  The order set a deadline for that opposition, and further advised Atkins that if she sought to amend her complaint, she was required to file a motion for leave to amend.

In accordance with the court's order, Atkins filed the instant motion for leave to amend her complaint on July 19, 2010, to which the Commissioner filed an opposition on August 16, 2010.

Atkins also filed an opposition to the Commissioner's motion to dismiss on July 19, 2010, and the Commissioner filed a reply on August 16, 2010.

## DISCUSSION

At the outset, the court notes that both pending motions, including Atkins' July 19, 2010 motion for leave to amend and the Commissioner's April 7, 2010 motion to dismiss, are largely related as they are in essence directed at the same complaint, the FAC filed by Atkins on July 19, 2010.[1] Although the Commissioner filed his motion to dismiss the complaint for lack of subject matter jurisdiction prior to Atkins' submission of the FAC, and the motion to dismiss was thus originally directed at Atkins' original complaint filed in the Oklahoma District Court on March 6, 2007, both parties appear to have presumed for purposes of the opposition and reply briefs related to the motion to dismiss that it is the FAC that is at issue.

In her original March 6, 2009 complaint, Atkins alleged that the Commissioner's decision denying her claim for benefits was not in accordance with the law and was not supported by substantial evidence. Atkins did not allege an exception to the general rule that discretionary decisions, including those she challenged, are not reviewable, but instead erroneously stated that the decisions for which she sought review were final decisions for purposes of judicial review.

That, however, was not the case. The Social Security Act confers jurisdiction on United States district courts to review "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). An Appeals Council's denial of a request for review or a denial of a

---

[1] The court notes that Atkins erroneously refers to the amended complaint she filed with her July 19, 2010 motion for leave to amend currently before the court as a "second amended complaint." However, because the prior amended complaint filed on April 22, 2010 was stricken pursuant to the court's order, there was actually no prior FAC. Thus the amended complaint submitted by Atkins with her March 16, 2010 motion to amend and labeled "second amended complaint" is actually the FAC, and the court has referred to it in this order as such.

3

request to reopen a claim is a discretionary decision and therefore, is generally not subject to judicial review. See Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008); see also Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001); Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997) (both citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).

However, there are exceptions to this general rule. Section 405(g) does not act as a bar to resolution of constitutional questions. Klemm, 543 F.3d at 1144; Sanders, 430 U.S. at 109. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Sanders, 430 U.S. at 109. This exception is applied to "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." Klemm, 543 F.3d at 1144. "A challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." Udd, 245 F.3d at 1099 (quoting Boettcher v. Sec. of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985)); Rolen v. Barnhart, 273 F.3d 1189, 1191 (9th Cir. 2001).

Additionally, "[a]n allegation of mental impairment can form the basis of a colorable constitutional claim if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." Klemm, 543 F.3d at 1144-45. In the same fashion, a claimant that does not receive effective notice due to mental illness may also assert a colorable constitutional claim. See Sanders, 430 U.S. at 109.

I. **Atkins' Motion for Leave to Amend**

Recognizing the error in her failure to allege an exception to the general rule that discretionary decisions are not reviewable, in her July 19, 2010 FAC, Atkins added allegations of due process violations including: (1) the Social Security Administration's ("SSA") November 15, 2006 notice failed to inform Atkins that failure to appeal would result in a final decision; (2) the November 15, 2006 notice failed to adequately advise Atkins as to the type of benefit being denied; (3) she was mentally incapacitated and unable to understand the review process, she had no appointed representative at the time of the

November 15, 2006 notice, and the SSA failed to provide actual notice of its November 15, 2006 adverse ruling to her previously assisting counsel; (4) the ALJ improperly applied *res judicata* where new issues of psychological impairments were raised; and (5) the ALJ failed to properly apply Social Security Ruling 91-5p (1991) ("SSR 91-5p"). In addition, Atkins alleges this court has jurisdiction under 28 U.S.C. § 1361 (mandamus jurisdiction).

The Commissioner opposes Atkins' motion for leave to amend her complaint, arguing that the proposed amendments are futile because: (1) the assertion of a constitutional due process claim does not supply this court with subject matter jurisdiction under 42 U.S.C. § 405(g) when a claimant has not exhausted her administrative remedies under the Social Security Act; and (2) there is no jurisdiction under 28 U.S.C. § 1361 (mandamus jurisdiction) because, again, Atkins did not exhaust her administrative remedies, and there is no clear nondiscretionary duty owed by the Commissioner. The Commissioner also opposes Atkins' motion for leave to amend on grounds of undue delay.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after the initial period for amendments as of right, pleadings may be amended only by leave of court. Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Davis v. Astrue, 250 F.R.D. 476, 480 (N.D. Cal. 2008) (quoting Fed. R. Civ. P. 15). "However, a court's decision to grant leave to amend is ultimately discretionary." Id. Five factors are ordinarily considered when determining whether to grant leave to amend a complaint: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'" Id. (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)). These factors need not all be considered in each case. "The third factor, prejudice to the opposing party, is the 'touchstone of the inquiry under rule 15(a).'" Id. (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)).

In determining futility, this court must focus on the FRCP 12(b)(6) standard, and on whether Atkins' proposed amendment constitutes a sufficient claim or defense. Post-Twombly, the 12(b)(6) standard now requires the court to focus on whether Atkins can

5

allege a plausible series of facts such that they might be able to state a valid claim. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) (futility standard on motions for leave to amend applies "only if it is clear that the complaint could not be saved by any amendment"). Thus, the question in determining whether Atkins' proposed amendment is futile is really whether the proposed amendment alleges a plausible series of facts such that a valid claim might be stated.

Here, as noted, the Commissioner's opposition focuses primarily on two factors: futility and undue delay. After considering the parties' arguments and the relevant legal authority, the court concludes that the requisite factors weigh in favor of leave to amend. Specifically, the court finds that Atkins' FAC states a colorable constitutional due process claim, such that subject matter jurisdiction may exist regardless of whether her claim proceeded to an administrative hearing, or she exhausted her administrative remedies. Klemm, 543 F.3d at 1144; Sanders, 430 U.S. at 109. The only question for the court on the motion for leave to amend is whether Atkins has presented plausible allegations that would allow a viable claim to be stated – not necessarily *proven*. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). And as to this question, Atkins has done so.

The Commissioner's arguments are best viewed as attacks on whether this court has subject matter jurisdiction. The time to resolve such a dispute is not in conjunction with the motion for leave to amend her complaint. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Rather, it is in conjunction with the Commissioner's motion to dismiss for lack of subject matter jurisdiction, discussed below.

Furthermore, the court concludes that Atkins did not unduly delay in filing her FAC.

For these reasons, the court GRANTS Atkins' motion for leave to amend.

**II.    Commissioner's Motion to Dismiss**

The Commissioner moves to dismiss Atkins' social security appeal for lack of subject matter jurisdiction. As noted, the Commissioner's motion to dismiss as filed was originally directed at Atkins' initial complaint. In his opening papers, the Commissioner argued that Atkins' original complaint, which sought review of the ALJ's denial of her request to reopen

1  a prior determination, which was subsequently affirmed by the Appeals Counsel, was not
2  subject to judicial review under 42 U.S.C. § 405(g).  The Commissioner contended the
3  decision not to reopen the previous agency determination constituted a discretionary
4  decision, and as such, this court lacked subject matter jurisdiction.

5  As noted previously, instead of filing an opposition to the Commissioner's motion to
6  dismiss, Atkins initially filed an amended complaint.  This court subsequently granted the
7  Commissioner's motion to strike that amended complaint as untimely.  On July 19, 2010,
8  Atkins then filed the FAC along with a motion for leave to amend her original complaint,
9  which the court GRANTS for the reasons set forth above.  As discussed, Atkins' FAC adds
10 allegations of due process violations that satisfy the exception to the rule that discretionary
11 decisions are generally non-reviewable.

12 Atkins also thereafter filed an opposition to the Commissioner's motion to dismiss.
13 In her opposition to the motion to dismiss, she acknowledges that ordinarily federal courts
14 do not have jurisdiction to review the Commissioner's discretionary decisions.  However,
15 Atkins contends that an exception exists where the denial of a petition to reopen is
16 challenged on constitutional grounds, such as the due process grounds raised in her FAC.
17 See e.g., Udd, 245 F.3d at 1098-99; Evans, 110 F.3d at 1482.  Atkins alleges that her
18 mental impairment prevented her from receiving adequate notice of the reconsideration
19 denial of her first application made on November 15, 2006, and that her attorney did not
20 receive actual notice of the same.  According to Atkins, these assertions raise a colorable
21 due process claim, thereby allowing this court to review her claims.

22 In reply, the Commissioner argues that Atkins was in fact represented at the time the
23 ALJ's November 15, 2006 denial of reconsideration notice was sent to her.  According to
24 the Commissioner, his records show a copy of the notice was sent to Atkins' representative
25 Ian Sammis ("Sammis").  Therefore, according to the Commissioner, Atkins fails to state a
26 colorable constitutional due process claim that would provide this court with subject matter
27 jurisdiction.

28

Atkins' FAC alleges, in effect, that it is a denial of due process for a claimant to be precluded from litigating her claim for benefits because of a failure to proceed in a timely fashion from one administrative stage to the next when the claimant did not receive meaningful notice and the opportunity to be heard. The alleged defect in notification does not concern the content of the standard notices, but relates to the ability of the claimant to understand and act upon them. Atkins' contention is that, because she did not have the mental ability to understand and comply with the notice of further administrative procedures, and because she did not have an attorney at the time, or one that received actual notice, she did not receive meaningful notice and an opportunity to be heard when her appeal of the reconsideration denial was denied as untimely.

It is axiomatic that Section 205(b) of the Social Security Act, 42 U.S.C. § 405(b), and due process, require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied as untimely. A question exists in this case whether Atkins has received this fundamental guarantee.

The psychiatric reports submitted by Atkins indicate some degree of mental illness for the period at issue – November 15, 2006, through January 14, 2007 (the sixty day period in which claimant failed to seek a hearing with the ALJ after her application was denied upon reconsideration). Opposition, Ex. 3 at ¶¶ 1-4. Atkins, however, is not required to have been totally incapacitated by her mental impairment. Rather, Atkins must show she did not have the mental capacity to understand the administrative review procedures. See Udd, 245 F.3d at 1101 (requiring only that the mental impairment limit her ability to do things for herself during the period at issue). The psychiatric reports submitted by Atkins are sufficient here. Dr. McClure's reports show that during the period at issue, Atkins was admitted to the hospital for "what appeared to be a manic state verging on catatonia." Opposition, Ex. 3 at ¶ 1. Atkins was also delusional and paranoid and "all of her needs were basically being provided by her parents due to her inability to think or answer questions coherently at this time." Id. Dr. McClure's assessment of Atkins, with no evidence to the contrary, is sufficient to show that she did not have the mental capacity to

understand the administrative review procedures during the period at issue. See Udd, 245 F.3d at 1101.

However, a finding that Atkins was unable to understand the review process because of her mental impairment is not sufficient to assert a colorable constitutional due process claim here if Atkins was represented during the period at issue. Evans, 110 F.3d at 1483 (an allegation of mental impairment, together with the fact that claimant was not represented by counsel throughout the proceedings, is sufficient to assert a colorable constitutional claim); Udd, 245 F.3d at 1099 ("[w]here a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim"); Elchediak v. Heckler, 750 F.3d 892, 894 (11th Cir. 1985) (finding due process violation where claimant's mental illness prevented him from understanding and pursuing administrative remedies and he was not represented by counsel during the period at issue).

The record shows that Atkins was represented during the period at issue. Her attorney, Ian Sammis ("Sammis"), signed and filed the request for the reconsideration in February 2006, and sent a letter to the SSA confirming that he was Atkins' representative in March 2006. In addition, the ALJ's April 26, 2007 order dismissing Atkins' request for a hearing noted Sammis as Atkins' representative. See Mot. to Dismiss, Ex. 2 at ¶ 2. There is nothing to suggest that Sammis withdrew as Atkins' representative during the period at issue other than a conclusory statement in Atkins' FAC that she was not represented.

Accordingly, since she was represented by counsel during the period at issue, Atkins must also show that her attorney did not receive notice of the November 15, 2006 denial of reconsideration. Penner v. Schweiker, 701 F.2d 256, 260-61 (3d Cir. 1983) (notice of denial of benefits only to a mentally-impaired claimant and not to his counsel is a denial of due process). The court finds that Atkins has in fact demonstrated that Sammis, her attorney, did not receive notice of the reconsideration denial. Sammis' paralegal, Andrew Ragnes, submitted a declaration that based on office practice and custom, there was no

record that Sammis received the November 15, 2006 notice. See Opposition, Ragnes Decl. at ¶¶ 1, 2. In addition, despite Sammis having been noted as a "CC" to the November 15, 2006 reconsideration denial notice, there was no address provided for him. See Mot. to Dismiss, Ex. 1 at ¶ 3. Even more, Sammis' name was misspelled as "Simmis" on the notice. See Mot. to Dismiss, Ex. 1 at ¶ 3. In contrast, all of the subsequent notices which noted Sammis as a "CC," included his address and spelled his name correctly. See Mot. to Dismiss, Ex. 2 at ¶ 2, Ex. 3 at ¶ 2, Ex. 4 at ¶ 2. The record provides no evidence, other than the mere presumption of regularity, to suggest that notice had in fact been received by Atkins' attorney. See Bellantoni v. Schweiker, 566 F. Supp. 313, 316 (E.D.N.Y. 1983). Therefore, the court finds Ragnes' declaration credible in light of the misspelling, absence of address, and lack of evidence to the contrary. As such, Atkins has asserted a colorable constitutional due process claim.

It is clear from the above that Atkins not only states a colorable due process claim, but that there was a violation of her due process rights when, because of her mental incapacity, she was unable to understand the proceedings, and her attorney was not provided the November 15, 2006 reconsideration denial notice. See Penner, 701 F.2d at 260-61. Specifically, Atkins' due process rights were violated when she did not receive effective notice of the November 15, 2006 reconsideration denial and then the ALJ denied her request for a hearing as untimely. As such, this court remands the case to the Commissioner with instructions directing the Commissioner to reopen Atkins' application and extend the time Atkins has for requesting a hearing from the ALJ to review the reconsideration denial of her initial application for benefits. Udd, 245 F.3d at 1102 ("Ordinarily, when a due process violation requires that an application for benefits be reopened, the case is remanded to the Commissioner so that the agency can rule on the merits of the plaintiff's disability claims."). This will allow Atkins to re-file her request for a hearing with the ALJ and permit the ALJ to hear the matter on its merits.

Although Atkins' FAC also alleges that this court has subject matter jurisdiction under 28 U.S.C. § 1361, mandamus jurisdiction is not appropriate to address Atkins' denial

of benefits here. Mandamus jurisdiction "is . . . available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Finch v. Barnhart, 463 F. Supp. 2d 1002, 1005 (C.D. Cal. 2006) (quoting Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003)). The court concludes that mandamus jurisdiction does not exist here because the Commissioner's determinations that Atkins challenges were discretionary, and not final, and because other adequate remedies exist.

**CONCLUSION**

In accordance with the foregoing, the court hereby GRANTS Atkins' motion for leave to amend the pleadings and DENIES the Commissioner's motion to dismiss for lack of subject matter jurisdiction. In addition, the court REMANDS the case to the Commissioner with instructions that the Commissioner reopen Atkins' application and extend the time Atkins has for requesting a hearing from the ALJ to review the reconsideration denial of her initial application for benefits.

This order fully adjudicates the motions listed at numbers thirty and forty-two of the clerk's docket for this case. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 7, 2011

PHYLLIS J. HAMILTON
United States District Judge