UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERMITA ATKINS,

        Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendants.
_____/

No. C 10-0180 PJH

**ORDER DENYING REQUEST FOR ATTORNEYS' FEES**

Before the court is plaintiff and claimant, Ermita Atkins' motion for attorneys' fees filed by attorney Robert Weems. Having carefully reviewed the parties' papers and considered the relevant legal authority, the court hereby DENIES plaintiff's motion for the reasons below.

## BACKGROUND

**A.    Summary of Proceedings**

This social security case was not a typical social security appeal. Atkins applied for disability insurance benefits under Title II of the Social Security Act ("SSA"), and the Social Security Commissioner ("Commissioner") denied her application both initially and upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") dismissed her request for a hearing as untimely, and as result, Atkins never received a hearing on her application.

Atkins appealed the ALJ's dismissal to the district court, and on April 7, 2011, this court denied the Commissioner's motion to dismiss her appeal for lack of jurisdiction. The court further concluded that Atkins' due process rights were violated by the ALJ's dismissal of her request for hearing based on her mental incapacity and the Commissioner's failure to provide her with notice of his denial of her motion for reconsideration, and remanded the case to the Commissioner with instructions to allow Atkins to reopen her application and file

a request for hearing before the ALJ, so that the ALJ could hear her application for benefits on the merits. On remand, the Commissioner issued a favorable decision and awarded Atkins past due benefits.

**B.     Procedural Background**

On March 26, 2009, Atkins filed this appeal initially in the District Court for the Northern District of Oklahoma, and the Commissioner filed his answer on June 23, 2009. The case was subsequently transferred to this court on January 14, 2010, after the Oklahoma district court granted Atkins' motion to change venue to the Northern District of California following her relocation to San Rafael, California, and was initially assigned to Magistrate Judge Joseph Spero. On February 2, 2010 local counsel, Ian Sammis, entered an appearance in the case for Atkins. Atkins declined to consent to a magistrate judge, and the case was subsequently reassigned to the undersigned judge on February 9, 2010. At that time, in addition to Sammis, Atkins was represented by two Oklahoma attorneys, Timothy M. White and Richmond J. Brownson. On March 17, 2010, White and Brownson moved to withdraw as attorneys of record. Unfortunately, courtesy copies of the motion were not provided to the court; nor did White and Brownson file a proposed order in support of their request. Although the court did not enter an order granting the request at the time, it hereby GRANTS the request and orders White and Brownson relieved from their duties as counsel *nunc pro tunc* to March 17, 2010.

On April 1, 2010, Atkins filed a notice of substitution of counsel, substituting local counsel, Sammis for White and Brownson. Sammis alone represented her in conjunction with a motion to amend her complaint and in opposing the Commissioner's motion to dismiss the case. At the time the court issued the order remanding the case on April 7, 2011, Sammis remained counsel of record for Atkins.

Following remand of the case to the Commissioner, Sammis passed away on May 29, 2011, and attorney Robert Weems took over his Sammis' practice. Weems Decl. Exh. 3. At the time that Sammis passed away, he had a fee agreement with Atkins dated September 16, 2005, by which Atkins agreed to pay Sammis a certain percentage of any

recovery of past due benefits. Weems Decl., Exh. 2. On June 21, 2011, Atkins entered into a fee agreement with Weems. Weems Decl., Exh. 1.

Following remand and Sammis' death, in 2012, the Commissioner issued a favorable decision and awarded Atkins past due benefits. Weems represented Atkins on remand before the Commissioner.

On June 6, 2012, Weems filed a motion for attorneys' fees under 42 U.S.C. § 406(b). In that motion, signed only by Weems, Weems asserted that Atkins was seeking an award of $12,053.75 for work performed by Weems, Sammis, and Oklahoma attorney, Timothy White. Weems did not provide a declaration with the motion, but simply attached three exhibits: (1) a May 23, 2012 "Notice of Change in Benefits" issued to Atkins; (2) a September 16, 2005 document that appears to be a page from a fee agreement between Atkins and Sammis; and (3) an August 8, 2011 declaration from Andrew Ragnes, a law clerk to Sammis, in support of what appears to be a request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (*not* under § 406).[1]

On June 20, 2012, the Commissioner responded to the § 406(b) motion for attorneys' fees and noted several deficiencies with the motion, including:

(1) Weems' failure to serve a copy of the motion on Atkins herself and Atkins' presumed lack of notice of the motion;

(2) Weems' failure to provide the court with a notice of award that set forth the cumulative total of past due benefits awarded, a disability onset date, or a period for which past benefits were due;

(3) the fact that Atkins was represented by four different counsel in the case, and that only Weems signed the motion;

---

[1] However, there have been no motions - from Weems, Sammis' representative, or otherwise - for an award of fees under the EAJA. Ragnes' declaration sets forth time records for Sammis, and in the concluding paragraph to his declaration, states that $5,695.43 is requested "for work and costs of Mr. Ian Sammis, Mr. White, Mr. Weems, attorneys and Andrew Ragnes of $5,695.43." However, as noted, no such motion was ever filed.

3

(4) the fact that there is no evidence that Oklahoma attorneys Brownson or White waived or assigned any interest in fees they may be due;

(5) Weems' failure to provide documentation that he is requesting payment on behalf of the estate of deceased counsel, Sammis;

(6) Weems' numerous conflicting statements regarding who is to be paid the § 406(b) fees and on behalf of whom.

Weems failed to file a reply to the Commissioner's response, and on July 25, 2012, the court issued an order advising Weems that absent a reply addressing the above deficiencies, it would deny his motion for attorneys' fees. The court further advised Weems that he needed to provide the necessary documentation to support his motion, and that any exhibits needed to be attached to a declaration and to comply with the Federal Rules of Evidence.

On August 8, 2012, Weems filed a reply, along with a declaration to which he attached: (1) Atkins' June 22, 2011 fee agreement with Weems; (2) a page from Atkins' September 16, 2005 fee agreement with Sammis; (3) the November 23, 2011 purchase agreement for Weems' purchase of the social security portion of Sammis' law practice; (4) various documents related to proceedings on remand, including what appears to be a February 24, 2012 "Notice of Amended Decision," a February 24, 2012 ALJ order ruling that the ALJ did not approve the fee agreement between Atkins and her representative, and a February 24, 2012 amended decision from the ALJ; and (5) the same May 23, 2012 "Notice of Change in Benefits" attached to Weems' June 2012 opening motion.

**DISCUSSION**

**A.     Legal Standards**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406,

Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). If the court awards fees under both the EAJA and SSA, the attorney must reimburse the client the amount of the smaller fee. *See id.* at 796.

Section 406 provides different means for reimbursing attorneys based on whether the proceedings were at the administrative level or in court. For administrative work, § 406(a) allows an attorney to recover fees of either 25 percent of the past-due benefits or $4,000, whichever is smaller, and such a motion is brought before the Commissioner. *See* 42 U.S.C. § 406(a)(2)(A). For successful representation before a court, a judge "*may determine and allow* as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which claimant is entitled." 42 U.S.C. § 406(b)(1)(A) (emphasis added).

In *Gisbrecht*, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Aside from capping the contingency rate at 25 percent, § 406(b) itself does not explain how courts should determine if requested attorneys' fees are reasonable. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). However, the *Gisbrecht* Court established basic guidelines for determining the reasonableness of attorneys' fees in § 406(b) actions. 535 U.S. at 789. Even if a § 406(b) claim is within the statutory limit of twenty-five percent of past-due benefits, the attorney must show that the fee sought is reasonable, and the court is required to review fee agreements for reasonableness as an independent check. *See id.* at 807.

In *Gisbrecht*, the Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." 535 U.S. at

5

793.[2] Interpreting *Gisbrecht*, the Ninth Circuit subsequently explained in *Crawford* that lodestar rules should not be applied by courts in cases where the plaintiff and attorney reached a contingent fee agreement because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." 586 F.3d at 1149. The *Crawford* court held "that a district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all." *Id.*

Nevertheless, even in contingency fee cases, the court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." *Id.* (holding that to satisfy this duty, the court must examine "whether the amount need be reduced, not whether the lo[de]star amount should be enhanced"). A court can adjust an attorneys' fee award downward if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Section 406(b) fees should be reduced where they would constitute a "windfall," and would not be proportional to the time spent on the case. *See id; see also Crawford,* 586 F.3d at 1148. The court may require a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing

---

[2]Under the "lodestar" method, attorneys' fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. *See Gisbrecht*, 535 U.S. at 797–98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. *Id.* at 798–99. In the Ninth Circuit, courts look to the following factors to determine whether the lodestar should be adjusted:

> 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Id.*

6

charge. *See id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.*

**B.     Atkins' Motion**

In spite of the court's order requiring a reply and response to the numerous deficiencies in the opening motion papers, there remain significant problems following the reply with the instant fee request, counsel's declaration, and additional exhibits.

The most glaring problem with the motion is the fact that Weems is seeking fees under § 406(b) for successful representation before the *court* presumably based on the representation provided by three other attorneys, White, Brownson, and Sammis, because (other than to file the instant motion for fees) Weems himself has never represented Atkins before this court. Weems states in his August 8, 2012 declaration that he represented Atkins in the proceedings on remand and successfully obtained benefits for her after a hearing. However, Weems' instant fee request is brought pursuant to § 406(b), which governs proceedings before the *court.* Accordingly, the fee request should pertain to work performed in Atkins' case *before this court.*[3] Weems never filed a notice of appearance before this court, and prior to the instant fee request, had never filed anything with the court. The work completed on Atkins' case prior to remand was accomplished entirely by attorneys White, Brownson, and Sammis. The absence of any billing records from Weems is further evidence of this fact.

---

[3]By contrast, 42 U.S.C. § 406(a)(2)(A) governs proceedings before the Commissioner, including those on remand. It appears from documents submitted in conjunction with Weems' declaration that Weems in fact requested fees before the Commissioner, but that the Commissioner denied the request. In a February 24, 2012 order, the ALJ ruled that he did "not approve the fee agreement between [Atkins] and her representative [presumably Weems] because: [Atkins] appointed more than one representative from a law firm, or other business; all representatives did not sign a single fee agreement; and the representative(s) who did not sign the fee agreement, did not waive charging and collecting a fee." It is unclear if there was a subsequent appeal of this decision before the Commissioner. Weems appears to acknowledge the unfavorable decision by the Commissioner, and in a footnote to his reply "requests issuance of an OSC against the Commissioner for a full and complete accounting." *See* Reply at 2 n.1. There is, however, no authority, for such a request or for granting such relief. If Weems seeks relief from the ALJ's ruling regarding his fees for work performed at the administrative level, he should pursue the relief available to him via the appropriate channels before the Commissioner.

7

As the Commissioner noted in his response, there is no evidence that Oklahoma attorneys Brownson or White waived or assigned any interest in fees they may be due. Weems' only response to this fact in his reply is that White and Brownson are "registered e-filers" in the case, and that to the extent they had conflicting claims or objected to his request for fees, they should have had notice and filed an objection. Weems, however, continues to fail to explain his authority for seeking fees for work performed by the Oklahoma attorneys.

As for Sammis, Weems does state in his reply that "as successor to Mr. Sammis' law practice, [he] is authorized and obligated to seek recovery of such fees as [Sammis] may have earned prior to death in addition to those independently earned. In short, fees due Mr. Sammis are due and payable to Mr. Weems." Reply at 2. This statement, contained only in argument in his reply brief, is conspicuously absent from Weems' accompanying declaration. In support of the fact that he is entitled to collect fees for Sammis, Weems cites to a November 23, 2011 purchase agreement executed by Weems and Robert Sammis, the practice executor and the personal representative of the Estate of Ian Sammis. Weems Decl., Exh. 3. Weems, however, does not cite to a specific provision in the nine-page agreement which assigns to him the right to collect fees for work performed by Sammis prior to his death; nor is the court able to locate such a provision. Moreover, Weems has not provided a declaration from Robert Sammis, who appears to be the personal representative of Ian Sammis' estate, or otherwise, which would confirm an assignment of fees.[4]

Given these deficiencies and the fact that Weems provides absolutely no accounting of the time he personally spent on the case before this court or otherwise, Weems has not met his burden to establish that the fees he seeks are reasonable. Moreover, given the fact that it appears that the bulk, if not all, of the work on Atkins' case before this court was performed by other attorneys, an award of fees to Weems would be excessively large in

---

[4] As noted above, although there have been no motions for an award of fees under the EAJA, Weems filed a declaration from Sammis' law clerk, Ragnes, in which Ragnes sets forth billing records for Sammis pertaining to Atkins' case.

comparison to the amount of time that he spent on the case, and would constitute a "windfall." *See Gisbrecht*, 535 U.S. at 808. Accordingly, the motion for attorneys' fees under § 406(b) is DENIED for these reasons.

In addition to the above, the court notes that there are at least two other deficiencies that Weems failed to resolve with his reply and supporting documentation, including: (1) his failure show that Atkins received notice of the instant motion; and (2) his failure to provide the court with a post-remand notice of award that sets forth the cumulative total of past due benefits awarded, a disability onset date, or a period for which past due benefits were due. The court assumes (and assumed prior to issuing its order requiring a reply) that Weems could have cured these two deficiencies. He was given the opportunity to do so with his court-ordered reply, and has failed to rectify them. Therefore, in addition to the above issues, the court DENIES Weems' motion for these reasons at well.

## CONCLUSION

Atkins' motion for attorneys' fees pursuant to § 406(b) is DENIED based on Weems' failure to establish that he performed any work entitling him to such fees, his failure to establish that he is entitled to compensation for work performed before this court by other attorneys prior to his representation of Atkins, for his failure to establish that the fees he requests are reasonable, and because an award of the fees he requests would constitute a windfall under *Gisbrecht*. *See* 535 U.S. at 808.

**IT IS SO ORDERED.**

Dated: October 29, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

9